935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ed HISLEY, Plaintiff-Appellant,
v.
MAERSK CONTAINER SERVICE COMPANY, INC., Anthony Petrizzo,
Defendants-Appellees.
 No. 89-3300.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-86-2803-WEB)
 William Huntington Kirkpatrick, II, Towson, Md., for appellant.
 John Keeley Weir, Haight, Gardner, Poor & Havens, New York City (Argued), for appellees; Claire Saady, Haight, Gardner, Poor & Havens, New York City, Gil A. Abramson, Semmes, Bowen & Semmes, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, EDWARD S. SMITH, Senior United States Circuit Judge for the Federal Circuit, sitting by designation, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 EDWARD S. SMITH, Senior Circuit Judge:
 
 
 1
 This appeal is from an order of the United States District Court for the District of Maryland granting defendants' motion for summary judgment in a cause of action for wrongful discharge under Maryland law. The district court concluded that plaintiff failed to satisfy the "public policy" standard of Adler v. American Standard Corp.,[1] because he presented no evidence that he refused to engage in wrongful, illegal activity and that his employer was aware of his alleged refusal prior to the termination. We affirm.
 
 Facts
 
 2
 Plaintiff, Edward Hisley (Hisley), alleges that defendants, Maersk Container Service Company, Inc., (Maersk) and Anthony Petrizzo (Petrizzo), wrongfully terminated his employment because he refused to engage in certain billing activities that Hisley deemed to be illegal.[2] Hisley alleges that his supervisor was aware that Hisley had stopped certain billing practices, and that his refusal was Maersk's sole motivation behind the termination. Maersk asserts that the corporation discharged Hisley for misconduct discovered during the last five months of his employment.
 
 
 3
 The district court entered summary judgment because Hisley failed to present evidence that the corporation knew that Hisley ceased certain billing practices. There is no dispute that Hisley himself never told his supervisors that he had stopped certain billing practices. Hisley admitted that he did not discuss billing practices with his supervisors after February 13, 1986, a month before he allegedly stopped the practices.
 
 
 4
 Hisley contends that the evidence presents a genuine issue of material fact on the issue of his supervisor's knowledge of Hisley's alleged cessation of certain billing activities. Hisley asserts (1) that he informed his supervisor, Petrizzo, in a conversation sometime in February or March, 1986 that "the garbage billing was going to stop"; and (2) that an entry made by Hisley on a note during a meeting with Petrizzo states, "Mike Grace--none." He alleges that this entry is evidence that Hisley discussed with Petrizzo his refusal to generate a bill to an individual named Mike Grace.
 
 
 5
 Hisley alleges (3) that his immediate supervisor, who was based in New Jersey, kept a close watch on Hisley's activities in Baltimore. He argues (4) that two employees in the accounting office were aware of the change in billing practices. Finally, Hisley asserts (5) that the allegedly illegal billing practice resumed after his termination.
 
 Issue
 
 6
 We must decide whether Hisley presented evidence creating a genuine issue of material fact regarding his supervisor's knowledge of Hisley's alleged refusal to engage in certain billing practices.
 
 
 7
 Such knowledge is a requisite element for recovering under the tort of wrongful discharge under Maryland law.
 
 Public Policy Exception Under Maryland Law
 
 8
 Maryland recognizes a cause of action for abusive or wrongful discharge of an at will employee in situations where the employer's motivation in terminating the employee contravenes some clear mandate of public policy.[3] This court, applying Maryland law, has limited the cause of action for abusive discharge "to situations involving the actual refusal to engage in illegal activity, or the intention to fulfill a statutorily prescribed duty."[4]
 
 
 9
 The elements of such a cause of action under Maryland law are: (1) that an employee refused to engage in illegal activity, or intended to fulfill a statutorily prescribed duty, (2) that the employee was terminated, and (3) that the employer's motivation for the discharge must be the employee's refusal to engage in the illegal activity or the employee's intent to fulfill a statutorily prescribed duty.[5] For Hisley to prevail against a motion for summary judgment on a cause of action for wrongful discharge under Maryland law, he must present evidence creating a genuine issue of material fact concerning his refusal to engage in the alleged illegal billing practices and Maersk's knowledge of the refusal. Without evidence of Maersk's knowledge on the issue, Hisley cannot prove that his alleged cessation of certain billing practices was Maersk's motivation for his termination.
 
 
 10
 Fed.R.Civ.P. 56(c) states that a party is entitled to summary judgment as a matter of law when "there is no genuine issue as to any material fact." The entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[6] When a motion for summary judgment is made, "Rule 56(e) ... provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. ... The plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[7]
 
 
 11
 Hisley failed to establish the existence of a genuine issue of material fact regarding his supervisor's knowledge of his alleged cessation of certain billing practices. There is no dispute that Hisley himself never told his supervisors that he had stopped certain billing practices. Hisley stated in his deposition that he did not discuss billing practices with his supervisors after February 13, 1986, a month before he allegedly stopped the practices.
 
 
 12
 No evidence exists that Petrizzo, Hisley's supervisor, reviewed invoices and billing data during the relevant time period. There is no evidence that the two employees in accounting informed management about the change in billing practices. Finally, resumption of the billing practices after Hisley's termination does not show that management was aware of any change in billing practices at the time of Hisley's termination.
 
 Conclusion
 
 13
 The district court properly granted defendants' motion for summary judgment. No reasonable jury could find that Hisley proved by a preponderance of the evidence that his supervisor knew that he had stopped the billing practices. Thus, Hisley cannot prove that he was fired for stopping these practices. Because Hisley cannot prove an essential element of his claim, the district court's order granting defendants' motion for summary judgment is affirmed.
 
 
 14
 AFFIRMED.
 
 
 15
 MURNAGHAN, Circuit Judge, and JOSEPH H. YOUNG, Senior District Judge, joined.
 
 
 
 [1]
 830 F.2d 1303 (4th Cir.1987)
 
 
 [2]
 Although not an issue on appeal, Maersk denies that its billing practices contravene public policy
 
 
 [3]
 Adler v. American Standard Corp., 291 Md. 31, 432 A.2d 464 (1981) (on certification of questions of law from the United States District Court for the District of Maryland)
 
 
 [4]
 Adler v. American Standard Corp., 830 F.2d 1303, 1307 (4th Cir.1987)
 
 
 [5]
 Id
 
 
 [6]
 Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)
 
 
 [7]
 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)